IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RONNIE WEST, a/k/a REMAL WALKER, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) No. 04-3148 ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Ronnie West's Federal Rules of Civil Procedure Rule 60(b)(1) for Reconsideration of the District Court's Order Denying His § 2255 (d/e 12). West asserts that he did not receive notice of the denial of his 28 U.S.C. § 2255 petition and the corresponding August 24, 2005, entry of judgment until December 3, 2005. For the reasons set forth below, the Motion is allowed, in part, and West is granted an extension of time to file a notice of appeal.

As an initial matter, the Court notes that while captioned as a Rule 60(b)(1) Motion, the Motion does not seek relief under Rule 60(b). Rather,

1

West asks the Court to reopen the time for him to file a notice of appeal and to grant him a certificate of appealability. The Court construes West's Motion, in part, as a request to reopen the time to file an appeal pursuant to Fed. R. App. P. 4(a) and analyzes it as such. Additionally, Section C of the Motion is captioned as a "Notice of Appeal." As set forth below, the Court will also construe West's filing as a Notice of Appeal and a request for a certificate of appealability.

West cites Fed. R. App. P. 4(b)(4) in support of his request for an enlargement of time to file a notice of appeal. West's reliance is misplaced because subsection (b)(4) applies to criminal cases, not civil habeas matters. However, Fed. R. App. P. 4(a)(6), which applies to civil cases, provides as follows:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

Turning to the facts of the present case, the Court finds that West did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment and the denial of his § 2255 petition within 21 days after entry. West states, under penalty of perjury, that he did not receive notice until December 3, 2005. The Court further finds that the instant Motion is filed within 180 days after the Judgment and Order were entered and within 7 days after West received notice of the entry of judgment. See Fed. R. App. P. 26(a)(1) & (2). Finally, the Court finds that no party would be prejudiced by extending the time for West to file a notice of appeal. Thus, Petitioner's Motion is allowed to the extent that it seeks an extension of time to file a notice of appeal. The Court extends the time for West to file a notice of appeal for 14 days from the date this Order is entered pursuant to Fed. R. App. P. 4(a)(6).

The Court further notes that West's Motion contains a section captioned "Notice of Appeal," that sets forth the issues West wishes to appeal. The Motion also requests a certificate of appealability. Therefore, given West's pro se status, the Court liberally construes the document as both a Notice of Appeal and a request for a certificate of appealability and

directs the Clerk to docket it as such instanter. After these filings are made, the Court will address West's request for a certificate of appealability.

THEREFORE, Petitioner Ronnie West's Federal Rules of Civil Procedure Rule 60(b)(1) for Reconsideration of the District Court's Order Denying His § 2255 (d/e 12) is ALLOWED to the extent that it seeks an extension of time to file a notice of appeal. The Court reserves ruling on West's request for a certificate of appealability. The Clerk is directed to docket copies of the Motion as a Notice of Appeal and a request for a certificate of appealability instanter.

IT IS THEREFORE SO ORDERED.

ENTER: January 5, 2006.

    FOR THE COURT:

        s/ Jeanne E. Scott
        JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE