IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

RONNIE WEST, a/k/a REMAL )
WALKER, )
 )
    Petitioner, )
 )
v. ) No. 04-3148
 )
UNITED STATES OF AMERICA, )
 )
    Respondent. )

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

Petitioner Ronnie West has filed a Request for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) (d/e 15). For the reasons set forth below, West's request is denied.

On July 11, 2001, Petitioner was indicted under the name Remal Walker for violating 21 U.S.C. § 841(a)(1) by possessing 50 or more grams of a mixture or substance containing cocaine base with the intent to distribute it. United States v. Walker, No. 01-30084, Indictment (d/e 6). This Indictment stemmed from an arrest following a traffic stop in which the police discovered narcotics in Petitioner's possession. At the time of the

1

stop, search, and ensuing arrest, Petitioner gave his name as Remal Walker. Petitioner filed a Motion to Suppress Evidence, which the Court denied. United States v. Walker, No. 01-30084, Order, September 26, 2001 (d/e 13). Petitioner then pleaded guilty, reserving the right to appeal the denial of his Motion to Suppress, and the guilty plea was accepted by the Court. United States v. Walker, No. 01-30084, Minute Entry, November 16, 2001.

Prior to sentencing, however, it was discovered that Petitioner was not named Remal Walker, but rather Ronnie West. Petitioner had three prior felony drug convictions under the name Ronnie West, one more than the number necessary to be subjected to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). To invoke the mandatory life sentence, however, the Government must file notice of the Defendant's prior convictions prior to trial or entry of a guilty plea, which the Government had not done. See 21 U.S.C. § 851. The Government filed a Motion to Vacate West's guilty plea to allow it to file the requisite notice under § 851. United States v. Walker, No. 01-30084, Motion to Vacate Conditional Guilty Plea (d/e 20). West opposed this Motion. United States v. Walker, No. 01-30084, Defendant's Response to Motion to Vacate Conditional Guilty Plea (d/e

2

21). The Court denied the Government's Motion to Vacate, and the matter proceeded to sentencing. The Court calculated West's sentencing range under the United States Sentencing Guidelines to be 360 months to life imprisonment. The Court sentenced West to life imprisonment, noting that the maximum sentence was warranted under the circumstances of the case. United States v. Walker, No. 01-30084, Order, July 2, 2002 (d/e 23).

West filed a timely appeal, challenging the denial of his Motion to Suppress. The Seventh Circuit affirmed this Court's ruling. United States v. West, 321 F.3d 649 (7th Cir. 2003). The United States Supreme Court denied West's petition for a writ of certiorari on October 14, 2003. West v. United States, 540 U.S. 946 (2003).

West filed the instant habeas case on July 12, 2004, challenging the indictment and his guilty plea and raising ineffective assistance of counsel claims. Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) (Petition). On West's Motion, the Court subsequently allowed West to supplement his pending Petition to include a challenge to his sentence under Blakely v. Washington. See Blakely, 542 U.S. 296 (2004). This Court denied West's Petition on August 22, 2005. Opinion, August 22, 2005 (d/e 10). Judgment was

entered August 24, 2005.

West seeks to appeal the denial of his habeas claims. The Court allowed West's request for an extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(6). Appellate proceedings on collateral review, however, cannot commence without a Certificate of Appealability (COA), either from a district court judge or from a judge of the Court of Appeals. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If a petitioner files a notice of appeal, the district court judge who rendered the judgment must either issue a COA or state why a certificate should not be issued. A court may issue a COA for a decision denying a 28 U.S.C. § 2255 petition "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order for a COA to be granted, West must show that "reasonable jurists could debate whether the challenges in his habeas petition should [have] been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional right that he deserves encouragement to proceed further." Rutledge v. United States, 230 F.3d 1041, 1047 (7th Cir. 2000).

West presents two questions for certification to the Seventh Circuit Court of Appeals:

1. Whether trial counsel was ineffective for failing to move to withdraw West's guilty plea, for failing to challenge the mandatory life sentence, and for failing to argue that the U.S.S.G. were unconstitutional?

2. Whether the Supreme Court's holding in <u>United States v. Booker</u>, 543 U.S. 220 (2005), applies retroactively to cases on collateral review?

To succeed on an ineffective assistance of counsel claim, West must show both: (1) that his counsel's representation was objectively deficient; and (2) that the deficient performance was prejudicial to the outcome. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Reasonable jurists would not disagree that counsel's failure to seek withdrawal of West's guilty plea, when such action would expose West to a mandatory life sentence upon conviction, was not objectively deficient or that West failed to show he was prejudiced by the decision. West similarly fails to make a substantial showing of a denial of a constitutional right with respect to his second ineffective assistance argument. It is clear from the record that West was not sentenced to a mandatory life sentence. The Court recognized the appropriate Guideline range and that it had discretion to sentence West within that range. Moreover, reasonable jurists would not disagree that West cannot prevail under his third theory of ineffective assistance of

5

counsel, i.e., that counsel was ineffective for failing to raise a Blakely-type argument. Seventh Circuit case law makes clear that counsel's failure to anticipate a change in the law does not violate the Sixth Amendment. Valenzuela v. United States, 261 F.3d 694, 700 (7th Cir. 2001). West's request for a COA on the ineffective assistance of counsel issue is denied.

Turning to West's Booker argument, the Court notes that the Seventh Circuit has addressed Booker's retroactivity under the test for retroactivity set out by the Supreme Court in Teague v. Lane, 489 U.S. 288 (1989). See McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005). The Seventh Circuit held that the Supreme Court's decision in Booker "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." Id, at 481. The Court stated that Booker must be treated as a procedural rule for retroactivity analysis, and therefore, the Court applied the standard for retroactivity under the second Teague exception. Id. The Court concluded that, under Booker, for petitioners like West, "sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a 'watershed' change that fundamentally improves the accuracy of the criminal process." Id. Therefore, reasonable

jurists would not disagree with this Court's earlier holding that <u>Booker</u> cannot be applied retroactively to West's case. The Court denies West's request for a COA on this question.

THEREFORE, West's Request for a Certificate of Appealability (d/e 15) is DENIED. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: January 5, 2006.

FOR THE COURT:

          s/ Jeanne E. Scott
          JEANNE E. SCOTT
        UNITED STATES DISTRICT JUDGE