IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RONNIE WEST, a/k/a REMAL WALKER, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 04-3148 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Petitioner Ronnie West's Rule 60(b) Motion for Reconsideration of Previous Order Denying Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence (d/e 25) (Motion for Reconsideration). On July 12, 2004, West filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). This Court denied the Motion by Order, dated August 22, 2005 (d/e 10). The Court denied West's request for a Certificate of Appealability on January 5, 2006. The Court of Appeals dismissed West's appeal for failure to comply with Circuit Rule 3(c). See

1

Mandate of USCA (d/e 24). On October 16, 2006, West filed the instant Motion for Reconsideration. He asks the Court to vacate his sentence based on Shepard v. United States, asserting that the Court improperly imposed a mandatory increase in his sentence without making an independent determination of the nature of his prior offenses. See Shepard, 125 S.Ct. 1254 (2005). For the reasons set forth below, West's Motion for Reconsideration is dismissed for lack of jurisdiction.

Paragraph 8 of 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), requires a second or successive § 2255 motion to be certified by the Court of Appeals as set out in 28 U.S.C. § 2244. "[A] motion . . . in a case already on file can be a 'second or successive motion' under the AEDPA." Johnson v. United States, 196 F.3d 802, 805 (7th Cir. 1999). The Seventh Circuit has held that a post-judgment motion under Fed. R. Civ. P. 60(b) which advances new theories of relief is merely "a transparent attempt to avoid the need for prior appellate approval of a second collateral attack." Id. (citing Burris v. Parke, 130 F.3d 782, 783 (7th Cir. 1997)). Such a motion "must be seen for what it is and dismissed by the district judge." Id. "Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district

court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) (citations omitted) (emphasis in original).

West's Rule 60(b) Motion is clearly an attempt at a second collateral attack. The Motion asserts that West's sentence is contrary to the Supreme Court's holding in Shepard because the Court did not refer to the appropriate sources in determining the nature of his prior convictions.[1] In Shepard, the Supreme Court held that a district court's analysis of whether a prior conviction resulting from a guilty plea qualifies as a prior conviction for a serious drug offense or a violent felony under the Armed Career Criminal Act. 18 U.S.C. § 924(e) "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed

---

[1] As the Court noted in its prior Order, West did not receive a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A). In sentencing West, the Court determined that West qualified as a career offender under U.S.S.G. § 4B1.1. The Court analyzed West's prior convictions in its § 4B1.1 analysis, not under § 841(b)(1)(A). The Court determined that West had an adjusted offense level of 37, with a Criminal History Category VI. The Court recognized that this resulted in a sentencing range under the United States Sentencing Guidelines of 360 months to life imprisonment. The Court, in its discretion, sentenced West to life imprisonment, noting that the maximum sentence was warranted under the circumstances of the case. United States v. West, No. 01-30084, Order, July 2, 2002 (d/e 23).

by the defendant, or to some comparable judicial record of this information." Shepard, 125 S.Ct. at 1263.

West did not challenge the sources used by the district court in assessing the nature of his prior convictions in his initial § 2255 submissions. Rather, West cited Shepard in his Traverse (d/e 9) for the proposition that the fact of his prior conviction should have been pled in the Indictment and found by a jury beyond a reasonable doubt. To the extent West seeks reconsideration on the jury issue, he fails to identify anything that would justify reconsideration of the Court's prior ruling.

Returning to the question of the sources used by the Court in determining the nature of West's prior convictions, it is well-established that "Rule 60(b) cannot be used to seek relief on the basis that the movant's conviction was based on a mistake of law, for that is territory occupied by AEDPA." Dunlap v. Litscher, 301 F.3d 873, 876 (7th Cir. 2002). The certification requirements of § 2255, ¶ 8 apply to a second or successive "motion." A motion under Rule 60(b) "fit[s] this description -- and must, if these statutes are to limit multiple efforts to obtain collateral review." Johnson, 196 F.3d at 805. Recharacterization by the sentencing court of a prisoner's successive collateral motions as falling under § 2255 does not pose

4

the same risk as a similar recharacterization of an initial post-judgment motion.  Melton, 359 F.3d at 857.  The prisoner has already enjoyed an initial round of collateral review and with it the protections set out in Castro v. United States, 540 U.S. 375 (2003).

West did not receive authorization from the Court of Appeals to commence his successive attack.  "From the district court's perspective, [the certification process] is an allocation of subject-matter jurisdiction to the court of appeals."  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996).  Because the Court of Appeals has not given approval for the filing, this Court lacks jurisdiction, and West's Motion must be dismissed.  See id.

Therefore, West's Rule 60(b) Motion for Reconsideration of Previous Order Denying Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence (d/e 25) is DISMISSED for lack of jurisdiction.  All pending motions are denied as moot.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   November 6, 2006.

       FOR THE COURT:

                                   s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                       UNITED STATES DISTRICT JUDGE